IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 26, 2017

## JOHN H. BRICHETTO, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-41A   Paul G. Summers, Senior Judge**

_____

### No. E2016-01855-CCA-R3-PC

_____

The Petitioner, John H. Brichetto, Jr., and his wife were convicted of Class B felony theft of property. The Petitioner was sentenced to ten years' incarceration. As part of an agreement for a reduced sentence for his wife, the Petitioner executed a written waiver of his right to appeal, his right to file for post-conviction relief, and his right to collaterally attack his conviction. The Petitioner then filed a petition for post-conviction relief. Finding that the waiver was entered knowingly, intelligently, and voluntarily, the post-conviction court summarily dismissed the petition. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

John H. Brichetto, Jr., Pro Se, Pikeville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Russell Johnson, District Attorney General; and Tiffany S. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

On July 8, 2015, the Petitioner and his wife, Lisa Horn Brichetto, were convicted by a Morgan County jury of theft of property valued at $60,000 or more but less than $250,000. At the sentencing hearing on August 20, 2015, the Petitioner was sentenced to

ten years' incarceration as a Range I offender. Mrs. Brichetto's sentencing hearing was rescheduled due to the illness of her attorney.

The trial court scheduled the Petitioner's Motion for New Trial and Mrs. Brichetto's sentencing hearing for October 14, 2015. At the beginning of the October 14 hearing, the court announced that it was prepared to hear the Petitioner's Motion for New Trial and Mrs. Brichetto's Motion for Judgment of Aquittal or Motion for Judgment of Partial Aquittal, and it was prepared to conduct Mrs. Brichetto's sentencing hearing. The court also stated that it "had been informed over the last two or three weeks that there may have been a global settlement made in both cases and during the conference right before we came out here today it was my understanding that there was a reasonable probability that a settlement had been made[.]" Counsel announced that the parties had agreed to a settlement and that the Petitioner and Mrs. Brichetto had each signed a waiver of rights. The terms of the settlement provided that: (1) Mrs. Brichetto's Class B felony theft conviction would be set aside upon the trial court granting her Motion for Judgment of Acquittal, (2) Mrs. Brichetto would enter a conditional guilty plea to Class C felony theft and be granted diversion for a period of six years, during which time she would be on supervised probation, and (3) the Petitioner would waive his right to appeal, his right to file for post-conviction relief, and his right to collaterally attack his conviction.

The court then conducted an extensive questioning of Mr. Brichetto, including the following dialogue:

> [Trial court]: Mr. Brichetto tell me in your own words what you're doing today.
>
> [The Petitioner]: I'm waiving all my rights to appeal of any nature. I [] assume this waiver is [] basically a contract between myself and the State, is that . . . am I correct in that matter? Is that . . .
>
> [Trial court]: This waiver . . . is basically a document that says you understand what you are doing.
>
> [The Petitioner]: Okay.
>
> [Trial court]: That you understand what you're giving up. Then the waiver is used by this Court to effectuate a Judgment and that becomes a Decision.
>
> [The Petitioner]: Okay.

. . .

[Trial court]: You understand basically that you are conceding, you're saying no Motion for New Trial, no appeal. I'm not going to come back in here in eleven months and twenty-nine days and file a [p]ost[-]conviction [r]elief [p]etition for whatever reason, that this is the end of the story, I'm going to go to . . . I'm going to go to the Department of Correction at thirty percent and hopefully I'll be considered for parole at the earliest practical time, no less than thirty percent. Do you understand that?

[The Petitioner]: I do.

After questioning Mrs. Brichetto about the agreement and her sentence, the trial court asked both the Petitioner and Mrs. Brichetto the following question:

[Trial court]: . . . I'll tell you this, as to both Defendants, I find that both Defendants have made their waivers knowingly, providently, intelligently and under no coercion or promises other than that which was promised to be the recommendations. Do you agree Mrs. Brichetto?

Mrs. Brichetto: Yes. Your Honor.

[Trial Court]: Do you agree Mr. Brichetto?

[The Petitioner]: Yes.

The Petitioner's waiver of rights, which was entered as an exhibit to the hearing provided in part:

4. By signing this [w]aiver, and as evidenced by his signature below, [the Petitioner] does hereby agree that he waives any and all future appeals or other efforts to seek relief from his conviction in this case on any grounds, including but not limited to any errors or omissions committed by the Court, any errors or omissions committed by defense counsel, or any errors or omissions by the prosecution, committed during trial or at any other point in these proceedings to date. This waiver includes but is not limited to all of the judicial remedies mentioned in the foregoing paragraph number two (2). Further, this waiver is understood to be complete and irrevocable once it is signed by [the Petitioner] and accepted by the Court. The result of this [w]aiver is that all proceedings in the matter of *State of Tennessee*

*vs. John H. Brichetto, Jr. and Lisa Horn Brichetto*, Morgan County Criminal Court Case No. 2011-CR-41A, B, and all proceedings that may otherwise have followed on appeal or post[-]conviction, are effectively and permanently ended, leaving only the service of [the Petitioner's] sentence as previously ordered as well as the payment of costs and restitution.

5. As part of this waiver and agreement, [the Petitioner], explicitly understands, knowingly, freely, and voluntarily waives, and hereby swears before the Court under oath, that any and all further actions on this matter, or any other appellate or post[-]conviction proceedings that may have followed from this conviction, have been permanently foreclosed with this [w]aiver. If, at any time, without statutory limitation, and for any reason, [the Petitioner] initiates, files, or in any other way resurrects any action in this matter, or any other appellate or post[-]conviction proceeding that may have stemmed from this matter, [the Petitioner] hereby affirms that all said actions are to be immediately, automatically, and summarily dismissed with all costs taxed to [the Petitioner].

6. This waiver is executed knowingly and voluntarily after receiving advice of counsel with regard to the meaning of the waiver of rights named herein.

The waiver of rights was signed by the Petitioner and counsel for the Petitioner, witnessed by the deputy clerk on October 12, 2015, and filed in the Criminal Court of Morgan County on October 14, 2015. At the conclusion of the hearing, Mrs. Brichetto was sentenced pursuant to the global agreement. On October 16, the trial court entered an Order stating:

> After questioning the defendant, the Court finds the waiver was agreed to knowingly, intentionally, providently, and under no coercion other than the agreed-upon plea arrangement. The Court accepts defendant John Brichetto's waiver and dismisses the motion for new trial.

Thereafter, the Petitioner filed a motion to reduce his sentence, which was summarily denied by the trial court. The Petitioner's appeal from the denial of his motion is pending.[1]

---

[1] The direct appeal of the motion to reduce sentence is docketed as number E2016-01001-CCA-R3-CD. The transcript of the October 14, 2015 hearing was filed by the Petitioner in the direct appeal. By order entered March 24, 2017, this court directed "the appellate court clerk to prepare a certified copy of the October 14, 2015 transcript contained in E2016-01001-CCA-R3-CD for inclusion in the appellate record in this case so that the court may take judicial notice of the transcript in its consideration of this appeal."

- 4 -

The Petitioner then timely filed a pro se petition for post-conviction relief, which was denied without hearing. The post-conviction court stated in its written order:

> The Court has carefully reviewed the petition and the record. The Court finds that the combination of no appeal filed and the Petitioner's signed waiver of rights is dispositive to the Court's ruling on the merits of the Petition. Each issue raised by the Petitioner is subsumed within the scope of a waiver signed by the Petitioner. Pursuant to Tenn[essee] Code Ann[otated] [section] 40-30-106(f) which states in pertinent part ". . . [i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed."[2]
>
> . . . .
>
> The Court finds the petition for post-conviction relief fails to state a colorable claim because all claims of the Petitioner have been waived either by express waiver or by failure to appeal. The Petitioner is not entitled to relief. The post-conviction relief petition is dismissed.

The Petitioner appeals from the summary dismissal of his petition.

### Analysis

Although there was no evidentiary post-conviction hearing, the Petitioner in his brief argues the merits of the four claims raised in his post-conviction petition:

(1) [that] trial counsel provided ineffective assistance in the following particulars:

A. Failure to investigate and prepare for trial[.]

B. Failure to produce important defense witnesses.

C. Failure to produce expert witnesses.

---

[2] In this opinion, we address the waiver of the statutory right to *file* a petition for post-conviction relief as opposed to a waiver of claims for relief under Tennessee Code Annotated section 40-30-106(f) and (g).

- 5 -

D. The cumulative effect of the foregoing errors.

(2) that the State committed prosecutorial misconduct in withholding exculpatory evidence.

(3) that he was denied the right to represent himself at trial.

(4) [that] [t]he court violated [the Petitioner]'s due process rights granted to him by the U[.]S[.] Constitution, when the court allowed the state to offer and [the Petitioner] was coerced to accept a guilty plea [disguised as a Motion for Waiver of Rights] that denied [the Petitioner] the ability to challenge his conviction, while providing his wife with a mitigated sentence, after they had both been convicted at trial by a jury of their peers. *See Apprendi v N[ew] J[ersey]*, 530 U.S. 466 (2000).

The Petitioner filed a Reply Brief in which he claimed that "[t]he trial court was without jurisdiction to hear and adjudicate the motion for new trial and waiver of rights because no motion for new trial was timely filed."

The claim raised in the reply brief was not raised in the post-conviction relief petition and was raised for the first time on appeal and is therefore waived. *See State v. Willis*, 496 S.W.3d 653, 707 (Tenn. 2016), *cert. denied*, 137 S. Ct. 1224 (mem.) (2017) ("In an ordinary, non-capital criminal case, arguments not first raised in the trial court are waived on appeal.")

Claims (1), (2), and (3) listed above involve issues related to the jury trial in which the Defendant and his wife were convicted. Those claims have not been addressed by the post-conviction court because the post-conviction court determined that the Petitioner waived his right to seek post-conviction relief. The State argues that the post-conviction court correctly dismissed the petition because the Petitioner knowingly and voluntarily waived his right to file for post-conviction relief.

As discussed below, we conclude that a petitioner can waive his right to seek post-conviction relief. We further conclude that the Petitioner's claim (4), which deals with the validity of his waiver, fails to state a colorable claim requiring appointment of counsel and an evidentiary hearing.

- 6 -

*Waiver of the Right for Post-Conviction Relief*

Our supreme court specifically addressed the issue of whether a defendant could "knowingly and voluntarily waive[] his or her right to post-conviction review" in *Serrano v. State*, in which the court stated:

> As with the right to appeal, there is no constitutional duty to provide post-conviction relief procedures. *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992). Rather, the right to post-conviction relief is created by statute. *See* Tenn. Code Ann. §§ 40-30-102, -103, -104 (2003). "When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy." *Schick v. United States*, 195 U.S. 65, 72 (1904). Because we are unable to find a mandate otherwise, we conclude that a petitioner may also waive the right to post-conviction relief.

*Serrano v. State,* 133 S.W.3d 599, 604 (Tenn. 2004). The supreme court ultimately determined that Serrano's post-verdict sentencing agreement, which only waived his right to appeal, was insufficient to waive his right to post-conviction relief. *Id*. However, *Serrano* clearly recognized that a petitioner may waive the right to post-conviction relief, in the same manner that a defendant may waive a fundamental constitutional right, if the waiver is knowing and voluntary. *See id.* n.2 (noting that the United States Court of Appeals for the Sixth Circuit has held that a defendant can waive his right to collaterally attack his sentence if the waiver is knowingly and voluntarily made); *see also Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (fundamental constitutional rights must be voluntarily and knowingly waived during entry of a guilty plea), *Lovin v. State*, 286 S.W.3d 275, 288 (Tenn. 2009) (waiver of defendant's right to appointed counsel must be knowing and intelligent), *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005) (noting that the Tennessee Supreme Court has previously recognized that a defendant can waive his right to post-conviction relief), *Momon v. State*, 18 S.W.3d 152, 162 (Tenn. 1999), *on reh'g* (Mar. 30, 2000) (fundamental constitutional right to testify must be personally, knowingly, intelligently, and voluntarily waived).

*Voluntary and Knowing Waiver*

The Petitioner avers that his waiver of post-conviction relief was not voluntary and knowing. In his brief, the Petitioner claims that he was subjected to "duress" as a direct result of the conviction of the Petitioner and Mrs. Brichetto, stating:

> In this case, [the P]etitioner and his wife (Lisa Horn Brichetto) were both convicted by a jury verdict at trial for theft over sixty thousand dollars,

a class B felony. Thus, according to state law, this crime carries the MANDATORY minimum sentence of eight to twelve years in a state prison for a range 1 offender.

However, after [the P]etitioner was sentenced and placed in TDOC custody, and his wife was awaiting her sentencing hearing, the state approached [the P]etitioner and his wife through their attorneys, with a plea agreement (that was disguised as a Motion for Waiver of Rights.) To do such is not an acceptable practice in Tennessee. As a matter of fact, plea agreements cannot be entered into after a jury verdict has been handed down, because it would violate the state's mandatory minimum sentencing laws. In any case, the agreement was offered to [the P]etitioner and his wife. It required [the P]etitioner to agree to be sentenced to ten (10) years in state prison, as well as he had to waive his right to all remedies, both state and federal, to challenge his conviction. In return for agreeing to this, the state would allow his wife to receive a mitigated sentence below the eight[-]year minimum where she would not have to serve any prison time.

This agreement put [the Petitioner] under extreme duress. On one hand, as a husband and father, he did not want to see his wife go to prison where she would be separated from their daughters, especially for a crime she did not commit. On the other hand, he did not want to give up his right to challenge his wrongful conviction. But the stress of his wife going to prison finally got to him and he was coerced into signing the agreement.

However, since this agreement is a violation of state law and of the state's common sentencing procedures, it also violates [the P]etitioner's constitutional right to due process making the agreement void and nonbinding. Further, even if this agreement was legal (which it is not), it would still be void because neither party to the contract or agreement can enter into it under duress. Thus, in this case, [the P]etitioner was clearly under duress from the state threatening to put his wife in prison, separated from their children, if he didn't sign the agreement. Therefore, the agreement is void.

In its order dismissing the petition, the post-conviction court stated the following about the Petitioner's claim that he was coerced into signing the waiver:

The Petitioner mistakenly asserts that he was denied his constitutional rights because he was "coerced" into signing the waiver because he did not want his wife to go to prison and be separated from their

children.  Such motivation is not "coercion" but rather a rational realization that she had also been found guilty by the jury of the same crime as he, and she was likely facing harsh punishment.  Such negotiated settlements are common in our judicial system.  Defendants are commonly given consideration in the form of negotiated relief or "package deals" for multiple defendants, and the State benefits from conservation of resources.  The Petitioner and his wife were not coerced.  They were offered a fairly negotiated arrangement which they chose to accept.

The Petitioner's concern for his family, although understandable, is not tantamount to coercion by the State or the trial court.  Any duress the Petitioner felt was the direct result of the Petitioner's and Mrs. Brichetto's criminal conduct and the possibility that Mrs. Brichetto, like the Petitioner, might face incarceration.

Tennessee Code Annotated section 40-30-106(d) provides:

The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.  *Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition.*  If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.[3]

Tenn. Code Ann. § 40-30-106(d) (emphasis added).

The Petitioner has failed to present a factual basis for the ground that he was coerced into waiving his right to post-conviction relief.  The Petitioner executed the waiver of rights, which stated that he "explicitly understands, knowingly, freely, and voluntarily waives, and hereby swears before the Court under oath, that any and all further actions on this matter, or any other appellate or post[-]conviction proceedings that may have followed from this conviction, have been permanently foreclosed with this [w]aiver."  The factual allegations made by the Petitioner fail to support his claim that he was coerced into waiving his right to post-conviction relief.  The post-conviction court properly dismissed claim (4) without hearing.

_____

[3] The Petitioner stated in his petition for post-conviction relief that he was not represented by counsel and that he did not "wish to have an attorney appointed[.]"  The Petitioner has not claimed that the post-conviction court erred in failing to appoint counsel.

The evidence in the record supports the post-conviction court's finding that the Petitioner knowingly and voluntarily waived his right to post-conviction relief. Having determined that the Petitioner knowingly and voluntarily waived his right to post-conviction relief, we also determine that the post-conviction court did not err in summarily dismissing claims (1), (2) and (3), which allege errors related to the Petitioner's jury trial.

## Conclusion

Based on our supreme court's reasoning in *Serrano*, 133 S.W.3d at 604, we hold that the Petitioner knowingly and voluntarily waived his right to petition for post-conviction relief. For the aforementioned reasons, the judgment of the post-conviction court dismissing the petition for post-conviction relief without a hearing is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE